IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DOUGLAS B. HARDEN,<br><br>Defendant. | CRIMINAL ACTION FILE<br><br>NO. 1:16-CR-297-MHC-JSA |

## ORDER

This action comes before the Court on the Final Report and Recommendation ("R&R") of Magistrate Judge Justin S. Anand [Doc. 32] recommending that Defendant's Motion to Dismiss Indictment Based on the Double Jeopardy Clause of the United States Constitution [Docs. 19, 22] and Defendant's Motion to Suppress Evidence [Docs. 17, 23] be denied. The Order for Service of the R&R [Doc. 33] provided notice that, in accordance with 28 U.S.C. § 636(b)(1) (2012), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. See also FED. R. CRIM. P. 59(a). Within the required time period, Defendant filed his objections to the R&R [Doc. 34] ("Def.'s Objs.").

## I. STANDARD OF REVIEW

In reviewing a magistrate judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). If there are no specific objections to factual findings made by the magistrate judge, there is no requirement that those findings be reviewed *de novo*. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and may accept the recommendation if it is not clearly erroneous or contrary to the law. FED. R. CRIM. P. 59. In accordance with 28 U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II. DEFENDANT'S OBJECTIONS

### A. Motion to Dismiss Indictment

It is undisputed that Defendant was previously convicted of the following offenses in the Superior Court of Fulton County: (1) possession of cocaine with intent to distribute; (2) possession of marijuana with intent to distribute; (3) possession of a firearm during the commission of a felony, namely possession of cocaine with the intent to distribute; and (4) possession of a firearm by a convicted felon. R&R at 1-2. On August 23, 2016, Defendant was indicted in this Court for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(Count Two). Criminal Indictment [Doc. 1].

Defendant moves to dismiss both counts of the indictment as a violation of the Double Jeopardy Clause because the two pending federal charges relate to the same conduct for which he was convicted in the Superior Court of Fulton County. Although recognizing that "existing Supreme Court authority supports the proposition that the Double Jeopardy Clause is not violated when a federal prosecution follows a successful or unsuccessful state prosecution," Defendant nevertheless argued that the "dual sovereignty" doctrine should no longer be

3

followed and its viability recently was questioned by a concurring opinion in Puerto Rico v. Sanchez Valle, 136 S. Ct. 1863 (2016). Def.'s Am. Mot. to Dismiss [Doc. 22] at 3-7. Judge Anand considered Defendant's argument but concluded that the "dual sovereignty" doctrine is binding on this Court and that Sanchez Valle does not change this result. R&R at 4-5. In his objections, Defendant again cites to Sanchez Valle and argues that "it is time that the dual sovereignty doctrine be reexamined." Def.'s Objs. at 1-2.

The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V.

> The dual sovereignty doctrine is founded on the common-law conception of crime as an offense against the sovereignty of the government. United States v. Lanza, 260 U.S. 377, 382 (1922). When a defendant in a single act violates the "peace and dignity" of two sovereigns by breaking the laws of each, he has committed two distinct "offences." As the Court explained in Moore v. Illinois, 55 U.S. (14 How.) 13, 19 (1852), "[a]n offence, in its legal signification, means the transgression of a law." Consequently, when the same act transgresses the laws of two sovereigns, "it cannot be truly averred that the offender has been twice punished for the same offence; but only that by one act he has committed two offences, for each of which he is justly punishable." Id., at 20.
>
> In applying the dual sovereignty doctrine, then, the crucial determination is whether the two entities that seek successively to prosecute a defendant for the same course of conduct can be termed separate sovereigns. This determination turns on whether the two

4

entities draw their authority to punish the offender from distinct sources of power.

Heath v. Alabama, 474 U.S. 82, 88 (1985) (parallel citations omitted). See also United States v. Baptista-Rodriguez, 17 F.3d 1354, 1360 (11th Cir. 1994) (holding that the Double Jeopardy Clause does not prevent prosecution of identical offenses "when they are charged by separate sovereigns.").

Contrary to Defendant's argument, as discussed by Judge Anand, Sanchez Valle does not support any reexamination of the dual sovereignty doctrine as applied to state and federal governments. That case dealt with the unique relationship of Puerto Rico as a territory of the United States. "Because the ultimate source of Puerto Rico's prosecutorial power is the Federal Government – because when we trace the authority all the way back, we arrive at the doorstep of the U. S. Capitol – the Commonwealth and the United States are not separate sovereigns." Sanchez Valle, 136 S. Ct. at 1876. The Supreme Court in fact restated the long standing principle that "the States are separate sovereigns from the Federal Government (and from one another)." Id. at 1871 (citing Abbate v. United States, 359 U.S. 187, 195 (1959)). Justice Ginsburg's concurring opinion, which calls into question the continuing reliance on the "separate sovereigns" doctrine ("[t]he matter warrants attention in a future case in which a defendant faces successive prosecutions by parts of the whole USA"), was not subscribed to

5

by a majority of the Court. Id. at 1877 (Ginsburg, J., concurring). Moreover, this Court is bound by both Supreme Court and Eleventh Circuit precedent.

Therefore, Defendant's objections to the R&R's recommendation as to his motion to dismiss are **OVERRULED**.

### B.  Motion to Suppress Evidence

On March 25, 2014, a judge of the Superior Court of Fulton County issued a warrant authorizing a search of the premises of 326 Howell Street, SE, Apartment 5 in Atlanta, Georgia. Search Warrant [Doc. 23-1]. Judge Anand rejected Defendant's contentions that the warrant was not supported by probable cause, that the warrant was not timely returned by the Atlanta Police Department, and that the return attached an incomplete inventory. R&R at 5-11.

In his objections, Defendant first challenges the determination of probable cause because "[t]here was no mention of firearms or weapons in the search warrant affidavit," and that "the inclusion of firearms in the list of items to be seized rests upon an illegal basis." Def.'s Objs. at 2-3. The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV.

> A sufficient basis for probable cause for a search exists when under the totality of the circumstances there is a fair probability that

6

contraband or evidence of a crime will be found in a particular place. A fair probability, in turn exists when the facts and circumstances would lead a reasonably prudent person to believe that the place to be searched contains contraband or evidence of a crime.

United States v. Noreiga, 676 F.3d 1252, 1261 (11th Cir. 2012) (citation omitted); see also United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999) ("Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location."). The Supreme Court has warned against hyper-technical reviews of search warrant affidavits. Illinois v. Gates, 462 U.S. 213, 232 (1983) ("[P]robable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules."). Rather, a magistrate should make "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 238. In cases determining whether there is probable cause to issue a search warrant, it is well-established that courts may rely on the type of opinion evidence, based on a law enforcement officer's training and experience. United States v. Robinson, 62 F.3d 1325, 1331 n.9 (11th Cir. 1995). In addition, when determining the existence of

7

probable cause from an informant's tip, courts consider the totality of the circumstances, including the informant's veracity, reliability, and basis of knowledge, as well as any independent corroboration of the details of the tip. Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1966).

This Court has reviewed the affidavit in support of the application for the search warrant [Doc. 23-1 at 2-4] and agrees with Judge Anand that probable cause existed to support the issuance of the warrant. Defendant does not challenge Judge Anand's conclusion that there was probable cause to search for illegal narcotics based upon the prior purchase of drugs from a confidential informant who had a reliable history of assisting undercover drug buys and a first hand opportunity to observe the criminal activity, as well as the corroborative information supporting the informant's tip. R&R at 7. Defendant cites no authority to support his assertion that there was no probable cause to search for firearms because of the affidavit's failure to specifically mention them. As discussed in the R&R, "numerous cases have recognized that guns are a tool of the drug trade. There is a frequent and overpowering connection between the use of firearms and narcotics traffic." United States v. Pham, 463 F.3d 1239, 1246 (11th Cir. 2006) (quoting United States v. Cruz, 805 F.2d 1464, 1474 (11th Cir. 1986)). This Court agrees with Judge Anand that "[t]he evidence of a commercial drug dealing operation

based out of the Howell Street Apartment thus necessarily suggested probable cause of the presence and of firearms." R&R at 8 (footnote omitted).

Second, Defendant objects to "the implication contained in footnote 1 of the R&R" that one or more firearms would have been found in plain view even if there was a defect in the warrant. Def.'s Objs. at 3 (citing R&R at 8 n.1). As stated above, because the search warrant provided probable cause to search for illegal drugs, there was also probable cause to search for and retrieve firearms that were part of the drug trade, so whatever implication Defendant chooses to place on the footnote is not relevant to the overall determination of the Court.

Finally, Defendant objects to "the denial of a hearing with respect to issues of non-compliance with Rule 41 of the Federal Rules of Civil Procedure." Def.'s Objs. at 3-4. Defendant contends that there has been no demonstration that the inventory was properly prepared and verified or that the warrant and inventory were promptly returned. Id. at 4-5 ("[A] hearing was necessary to develop a record regarding the extent of federal involvement in the application process and execution of [the] search and the reasons for non-compliance with Rule 41.").

Judge Anand specifically considered and rejected Defendant's request for a hearing, which decision is supported by Eleventh Circuit precedent.

> Defendant does not supply or allege any facts to suggest such federal involvement, but he requests an evidentiary hearing for the purpose of enabling him to explore such a possibility. The Defendant, however, must rely on more than conclusory speculation to obtain an evidentiary hearing. See United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000) (quoting United States v. Sneed, 732 F.2d 886, 888 (11th Cir. 1984)). In other words, "where a defendant in a motion to suppress fails to allege facts that if proved would require the grant of relief, the law does not require that the district court hold a hearing independent of the trial to receive evidence on any issue necessary to the determination of the motion." Sneed, 203 F.3d at 888. Rather, "[a] motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented. . . . A court need not act upon general or conclusory assertions. . . ." United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985) (internal citations omitted)). Here, Defendant's mere conjecture that an evidentiary hearing may possibly reveal some secret federal-state collusion in the acquisition of this warrant falls far short of these standards.

R&R at 10.

Defendant merely restates the same arguments made to Judge Anand, and still offers no specifics as to his belief that federal authorities were the driving force behind the state's obtaining the search warrant in Fulton County. The cases cited in Defendant's objections are inapposite. See United States v. Loyd, 721 F.2d 331, 333 (11th Cir. 1983) ("[U]nless a clear constitutional violation occurs, noncompliance with Rule 41 requires suppression of evidence only where (1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the rule had been followed, or (2) there is evidence of

intentional and deliberate disregard of a provision in the Rule.") (citation omitted); United States v. Marx, 635 F.2d 436 (5th Cir. 1981) ("Violations of Rule 41(d) are essentially ministerial in nature and a motion to suppress should be granted only when the defendant demonstrates legal prejudice or that non-compliance with the rule was intentional or in bad faith. . . . In order to show prejudice in this context, a defendant must show that because of the violation of Rule 41 he was subjected to a search that might not have occurred or would not have been so abrasive had the rule been followed.") (citations omitted).

Therefore, Plaintiff's objections to the Magistrate Judge's recommendation as to his Motion to Suppress Evidence are **OVERRULED**.

### III.  CONCLUSION

Accordingly, after a *de novo* review of those portions of the R&R to which Defendant objects, the Court **OVERRULES** his objections [Doc. 34]. Finding no clear error in the remaining portions of the R&R, the Court **ADOPTS** the R&R [Doc. 32] as the Opinion and Order of the Court.

It is hereby **ORDERED** that:

(1) Defendant's Motion to Dismiss Indictment Based on the Double Jeopardy Clause of the United States Constitution [Docs. 19, 22] is **DENIED**; and

11

(2)  Defendant's Motion to Suppress Evidence [Docs. 17, 23] is **DENIED.**

**IT IS SO ORDERED** this 8th day of February, 2017.

_____
MARK H. COHEN
United States District Judge